# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Joseph Migliori,                                          Case No. 3:16CV01136

        Plaintiff,

        v.                                          **ORDER**

Honeywell, et al.,

        Defendants.


Plaintiff, proceeding *pro se*, has filed a multi-party complaint in which he alleges several contentions. Defendants[1] each moved for dismissal (Docs. 14, 17); in response to those motions, plaintiff filed his own motion for summary judgment. (Doc. 27).

On review of the complaint, the motions to dismiss, and plaintiff's response thereto (in the guise of a summary judgment motion), I find the defendants' contentions well taken and no merit to the plaintiff's claims or arguments.

In any event, I need not engage in an elaborate discussion of those claims or arguments because the doctrine of *res judicata* bars plaintiff's ability to proceed in this case. This is so because plaintiff's claims against the same defendants in 12CV0088 (Doc. 15, Ex. 1), which are identical to the claims in this case, were dismissed with prejudice–a final decision on the merits. *See Am. Greetings Corp v. Cookie Jar Ent'mt*, 2009 WL 3713686, *10 (N.D. Ohio) ("[A]

---

[1] Defendants in this case are Honeywell, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 533, and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America. I refer to the union defendants collectively as UAW.

voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect.") (internal citation and quotation marks omitted).

For the foregoing reasons, it is, accordingly, hereby,

ORDERED THAT:

1.      Defendants' motions to dismiss (Docs. 14, 17) be, and the same hereby are, granted;

2.      Defendant Honeywell's motion to enforce settlement agreement (Doc. 19) be, and the same hereby is, deemed moot;

3.      Plaintiff's motion for an injunctive stay (Doc. 21) and defendant UAW's motion to strike plaintiff's motion for an injunctive stay (Doc. 22) be, and the same hereby are, deemed moot;

4.      Plaintiff's motion for summary judgment and for defendant U.A.W. to lose its charter (Doc. 27) be, and the same hereby is, denied;

5.      Plaintiff's motion to refund union dues and for union officers to lose their pensions (Doc. 28) be, and the same hereby is, deemed moot;

6.      Plaintiff's motion for temporary restraining order to prevent healthcare to be stopped on January 1, 2017 (Doc. 31) be, and the same hereby is, deemed moot;

7.      Defendant Honeywell's motion to consolidate response deadlines to plaintiff's new motions (Doc. 32) be, and the same hereby is, deemed moot; and

8.      Defendant Honeywell's motion to strike all of plaintiff's motions or for Rule 56(D) relief (Doc. 36) be, and the same hereby is, deemed moot.

An appeal from this decision would be without merit and have no plausible likelihood of prevailing. No appeal, therefore, shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge