# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Joseph Migliori,   Case No. 3:16CV01136

    Plaintiff

    v.   ORDER

Honeywell, et. al,

    Defendants

This is the third action Joseph Migliori has filed against his former employer, Honeywell, since 2008.

Pending is defendant Honeywell's renewed motion for sanctions and an order enjoining plaintiff from future filings related to his previously dismissed lawsuits against defendant–none of which had any merit. (Doc. 52).[1] Though I denied defendant's earlier motion for the same relief, I did so without prejudice to defendant's right to renew its request following plaintiff's appeal to the Sixth Circuit. (Docs. 41, 48).

Not surprisingly, and entirely appropriately, the Sixth Circuit agreed with my prior ruling (Doc. 38) granting defendant's motion to dismiss the complaint, which explained that plaintiff's present claims are without merit and barred by *res judicata*. *See Migliori v. Honeywell, Inc.*, No. 17-3063 (6th Cir. Oct. 16, 2017). "In fact," the Court of Appeals noted that "Migliori's 2016 complaint" against Honeywell "was identical to his 2012 complaint" against the company, "with one exception";

---

[1] Also pending is defendant's motion to strike the copy of the parties' short-form confidential settlement agreement Migliori included in his "Motion in Response" to Honeywell's *initial* motion for sanctions. (Docs. 46, 44). Because the parties agreed this document should remain confidential, and because I previously resolved and denied defendant's initial motion for sanctions, I will grant the motion to strike.

this time, he demanded $500 million in damages instead of $250 million. *Id.* slip op. at 3.

I have reviewed the manifold pleadings, motions and filings in this case in light of defendant's pending motion. Together, they demonstrate plaintiff's "persist[ance] in viewing the law not as it is, but as he mistakenly thinks it ought to be.'" *Bockrath v. General Motors Delphi Corp.*, 2008 WL 440456, *1 (N.D. Ohio) (citation omitted).

Honeywell's motion aptly summarizes the protracted course of Migliori's unrelenting refusal to accept my rulings–consistently adverse to his contentions. (*See* Docs. 52, 52-1, ID 462-82). Likewise, in its order affirming dismissal, the Sixth Circuit detailed Migliori's penchant for submitting extraneous, unresponsive filings both before me, and before the Court of Appeals. *See Migliori*, *supra*, slip op. at 3–4. And because defendant and the Sixth Circuit have documented plaintiff's history of frivolous and vexatious conduct, I need not waste my time repeating it.

Migliori has taken up enough of my time and attention already.

Suffice it to say: it is clear, despite prevailing from the beginning on no substantive issues, that Migliori continues to pester Honeywell, entirely without lawful cause, with vexatious, frivolous and utterly unfounded claims. Defendant has paid for plaintiff's obstinance in lost time and litigation expenses. I too have paid for it, along with the public. Resolving Migliori's baseless arguments distracts me from my duty to attend other matters, causing unfair and unwarranted delay to other, more meritorious litigants as they await adjudication of their disputes.

It is time to bring all this to an end–not just for now, but forever.

Therefore, exercising my inherent authority and my express authority under 28 U.S.C. § 1927, it is hereby,

ORDERED THAT:

1. Defendant's renewed motion for sanctions (Doc. 52), be, and the same hereby is, granted as modified below, as is defendant's motion to strike the short-form confidential settlement agreement included in plaintiff's "Motion in Response" to defendant's initial motion for sanctions (Doc. 46);

2. On or before January 31, 2018, defendant shall submit its verified statement of the attorney's fees, costs, and other expenditures it has incurred in defending and prevailing in this action since its inception on May 13, 2016, including such fees, costs, and expenditures incurred on appeal and in preparing and filing its instant motion and said statement;

3. Plaintiff shall respond to said statement within three weeks of its filing; failure to do so shall result in entry in full against him of judgment in the amount the defendant requests in said statement; at that time, this matter shall be decisional; and

4. Plaintiff be, and hereby is, permanently enjoined from henceforth filing any further complaints, actions, suits, and pleadings of any kind whatsoever based on, arising from, or related to each and every claim, cause of action, or contention he has claimed, raised, or asserted in this or any other prior lawsuit against the defendant without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose; plaintiff shall also pay the requisite filing fee for such action in full, which shall be non-refundable even if the Magistrate Judge Declines, on the basis of the order, to permit the complaint to be filed or otherwise proceed; failure in any way whatsoever to comply with this Order and Injunction shall result in this

court's order to the plaintiff to appear and show cause as to why he should not be found and adjudicated in contempt of this Order, and sanctions thereby imposed to the full extent law and equity may allow for his contumacious misconduct.

Plaintiff could not appeal this order in good faith; if he does so, and if the Sixth Circuit Court of Appeals finds any such appeal unfounded, and fails to impose sanctions on the plaintiff, the defendant hereby has leave to file a further motion for relief under 28 U.S.C. § 1927.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge